**Quan Fa CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73188.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 18, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Honolulu, HI, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David M. McConnell, William Campbell Erb, Jr., Attorney, Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondents.

Before: REINHARDT, THOMAS, and CLIFTON, Circuit Judges.

1. There is some discrepancy in the record as to whether this interview occurred the first day Chen arrived in Guam with a boatload of

**MEMORANDUM** *

Quan Fa Chen, a Chinese national who entered the United States illegally in Guam, appeals a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation based on a finding of adverse credibility. The IJ cited, as the sole basis for her determination, a perceived variance between Chen's first interview with immigration officials, pursuant to INA § 235(b)(1), and his subsequent testimony at a merits hearing, at which he claimed that he fled China to escape persecution he suffered on account of his homosexuality. The BIA affirmed the IJ's decision in a one-line opinion from which Chen now appeals. We GRANT Chen's petition for review, and REMAND for proceedings consistent with this disposition.

**I**

Chen argues that substantial evidence does not support the IJ's adverse credibility finding. We agree. *See Singh v. INS,* 292 F.3d 1017 (9th Cir.2002).

First, we find no discrepancy between the interview and the testimony. At Chen's first interview,[1] Chen was advised that if he had any fear of persecution, he would have the opportunity to speak "privately and confidentially to another officer." Chen was then asked a series of eight perfunctory questions pursuant to a printed form. The immigration official asked why Chen left China, and Chen responded, "My family raise pigs and do not make much money." The official next

other Chinese nationals, or four days after his arrival. For purposes of this appeal, the difference is irrelevant; what matters is that the interview was Chen's *first* interview with immigration officials upon or shortly after his arrival in Guam.

asked Chen whether he had any fear or concern about being returned to his home country, and whether he feared that he would be harmed if he were returned. Chen responded in the affirmative to both these questions. The officer asked no follow-up questions. Nor does anything appear in the record to indicate whether Chen was afforded the opportunity to speak "privately and confidentially" with another officer after disclosing his fear to the first officer, and if so, what occurred during the discussion.

Months later, in his written application for asylum and his testimony at a merits hearing in conformity therewith, Chen claimed to have left China to escape persecution he suffered on account of his homosexuality. We conclude that nothing in Chen's initial interview is inconsistent with this claim. Chen *did* state that he was afraid to return to China because he thought he would be harmed, and although he did not elect to disclose the basis for that fear, he was never asked about his reason, and, moreover, he might well have been awaiting the chance to speak "privately and confidentially" with another officer about it.

Further, even if we agreed with the IJ that there was a variance between Chen's initial interview and his subsequent testimony, answers given at an initial, perfunctory interview with immigration officials shortly after arrival are not sufficiently reliable to constitute substantial evidence supporting an adverse credibility determination. *See Singh*, 292 F.3d at 1024. Here, numerous factors call into question the reliability of Chen's initial interview: linguistic difficulties with the Mandarin translation; the fact that the statement itself provided no information as to how the interview was prepared, and the absence of a recorded opportunity for an explanation as to the basis for one's fears;

the stressful circumstance of entry into a new country; and the recognition that "an arriving alien who has suffered abuse during interrogation sessions by government officials in his home country may be reluctant to reveal such information during the first meeting with government officials in this country." *See id.* at 1022–23 (citation omitted).

Accordingly, we hold that substantial evidence does not support the IJ's adverse credibility determination.

## II

Having determined that the BIA erred in affirming the IJ's denial of Chen's claims for asylum and withholding of removal on the basis of adverse credibility, we remand so that the BIA may determine Chen's eligibility for relief. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED AND REMANDED.**